UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Black, #208957; | C/A No. 4:06-2049-RBH-TER |
| Plaintiff, | |
| vs. | Report and Recommendation |
| David Crisp;<br>Doris Mixon;<br>Dianne Moore;<br>Marietta Montouth; and<br>South Carolina Department of Corrections, | |
| Defendants. | |

This is a civil rights action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at Ridgeland Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case, Plaintiff contends that his constitutional rights were violated by Defendants, most of whom are SCDC employees, in connection with Plaintiff's transfer from one prison to another for "security-" related reasons. Although Plaintiff does not elaborate on what the security-related reasons for the transfer might have been, he objects to his being placed in a more restrictive custody situation due to the transfer from one prison to another, and he objects to his own custody classification going down from a "B-!" to a "2" classification. Plaintiff also complains that he was intentionally prevented from pursuing the exhaustion of his administrative remedies in this case because of false and misleading information he was given by the institutional 'grievance coordinator." Plaintiff requests that this Court order the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

firing of all Defendants from their employment and that he be awarded compensatory and punitive damages for "stress and emotional damages."

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28

2

U.S.C. § 1915(e)(2)(B).

## Discussion

Plaintiff does not have a constitutional claim relating to his classification for custody purposes. As a result, he fails to state a claim on which relief can be granted by this Court. Prior to 1993, South Carolina law provided that the now-superannuated State Board of Corrections was to govern the actions of the Department of Corrections. *See* S.C. Code Ann. § 24-1-40. At that time, the Code of Laws of the State of South Carolina vested exclusive authority relating to prisoners on the State Board of Corrections and the Commissioner of the SCDC, and placed no limitations on official discretion. *See* S.C. Code Ann. §§ 24-1-130, 24-1-140, 24-3-20, 24-3-30. Although the so-called South Carolina "Restructuring" Act of 1993, 1993 S.C. Acts 193, effective July 1, 1993, abolished the State Board of Corrections, it did not abolish the duties of the Commissioner, who is now called the "Director[.]" *See* S.C. Code Ann. § 24-1-40.

Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. Wolff v. McDonnell, 418 U.S. at 558-62. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. Olim v. Wakinekona, 461 U.S. 238 (1983); Ange v. Paderick, 521 F.2d 1066 (4th Cir. 1975); Lyons v. Clark, 694 F. Supp. 184, 187 (E.D. Va. 1988)(collecting cases). In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official

3

discretion. Hayes v. Thompson, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984)(collecting cases).

It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, Keeler v. Pea, 782 F. Supp. 42, 43-44 (D. S.C. 1992)(order of United States District Judge Henry M. Herlong, Jr., *citing* Meachum v. Fano, 427 U.S. 215 (1976)); *see also* Vice v. Harvey, 458 F. Supp. 1031, 1034 (D. S.C. 1978). In fact, it is well settled that the placement of inmates into administrative segregation units or similar units is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." Jackson v. Bostick, 760 F. Supp. 524, 528 (D. Md. 1991); *see* Hewitt v. Helms, 459 U.S. 460, 468 (1983)("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); Anderson v. County of Kern, 45 F.3d 1310, 1312 (9th Cir. 1995)(prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"); *see also* Montanye v. Haymes, 427 U.S. 236, 242 (1976)(if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). In other words, since the Plaintiff was committed by a Court of General

Sessions to the custody of the South Carolina Department of Corrections, the choices of where and how the Plaintiff is to be confined are to be determined by the South Carolina Department of Corrections, not by this Court.  Although the Plaintiff, apparently, would prefer that he had been left at the prison where he was most recently housed or at another prison with lower custody level inmates, his classification and placement at Ridgeland Correctional Institution has not violated the Plaintiff's federally guaranteed constitutional rights.  *See* Wolff v. McDonnell, 418 U.S. at 558-62; Mann v. Leeke, 73 F.R.D. 264, 265-267 & n. 6 (D. S.C. 1974); Ramey v. Hawk, 730 F. Supp. 1366, 1372 (E.D. N.C. 1989)(extended the holding in Breeden v. Jackson to the Federal Bureau of Prisons); *see also* Cooper v. Riddle, 540 F.2d 731, 732 (4th Cir. 1976)(*citing* Meachum v. Fano: federal courts are not "to assume the role of super wardens of state penal institutions").[2]

Furthermore, to the extent that his Complaint asserts improprieties in the way SCDC's grievance system worked in connection with his classification objections, it also fails to state a viable § 1983 cause of action.[3]  It is well settled that prison inmates have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated.  *See*, *e.g.*,  Adams v. Rice,  40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d  639, 640 (9th

---

[2]Although some portions of the Court of Appeals' decision in Cooper v. Riddle, have been superannuated by later case law, the portion of the opinion where the Court of Appeals applied Meachun v. Fano is still binding on lower courts in this judicial circuit.  Ali v. Dixon, 912 F.2d 86, 89 (4th Cir. 1990)("evaluation of penological objectives is committed to the considered judgment of prison administrators, who are actually charged with and trained in the running of the particular institution").

[3]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

Cir.1988); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. *See* Mann. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case at Ridgeland Correctional Institution, such failure is not actionable under § 1983. *See* Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo.1986); Azeez v. DeRobertis, 568 F.Supp. 8, 9-11 (N.D. Ill. 1982). No other bases for federal jurisdiction over Plaintiff's claims are apparent from the face of the Complaint.

Finally, to the extent that it seeks an order from this Court requiring the firing of Defendants from their employment, Plaintiff's Complaint is frivolous. This federal Court does have the power to issue the type of order Plaintiff requests. Maxton v. Johnson, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire or remove officials not within the executive control of that federal district court)(*citing* United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir. 1960)).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary

dismissal). Plaintiff's attention is directed to the important notice on the next page.

                Respectfully submitted,

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

September 18, 2006
Florence, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503
