IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric Black, #208957, ) | C/A No. 4:06-2049-RBH |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | |
| ) | |
| David Crisp; Doris Mixon; Dianne Moore; ) | **O R D E R** |
| Marietta Montouth; and South Carolina Department of ) | |
| Corrections, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is a state prisoner currently confined at the Tyger River Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections and several of its employees. He alleges that his constitutional rights were violated with regard to his transfer from one prison to another and his change in custody classification. He also contends that the defendants intentionally prevented him from filing grievances within the prison.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III, filed September 18, 2006. Based on his review of the record, the Magistrate Judge recommends that the case be dismissed *without prejudice* for failure to state a claim under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but,

1

instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Plaintiff filed objections to the Report on October 5, 2006. Plaintiff contends in his objections that the alleged failure of the Department of Corrections to follow its policies deprives him of due process, citing *Evitts v. Lucey*, 469 U.S. 387 (1985).

In *Evitts*, the Court held that, if the appellant is not provided effective assistance of counsel in his first appeal of right in a criminal case, then he is denied due process of law. The case did not involve internal prison classifications, transfers, or grievance procedures. Therefore, *Evitts* does not apply to the plaintiff's case.

Plaintiff also contends that his custody level was changed in violation of due process. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause by its own force or (2) the confinement creates an atypical or significant hardship *and* the state has granted its inmates, by regulation or statute, a protected liberty interest in remaining free from that confinement or restraint. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Bey v. Simmons*, 69 Fed. Appx. 931, 2003 U.S. App. LEXIS 13209 (10th Cir. 2003) [holding

there is no constitutionally protected interest in prison classification (Kansas)]; *Brown v. Evatt*, 322 S.C. 189, 470 S. E. 2d 848 (1996) (holding under South Carolina law, that the state statutes and regulations regarding the classification of prisoners create no liberty interest in a security or custody classification.)

Plaintiff's allegations do not sufficiently allege that the first prong of the *Sandlin* test has been met; in other words, he has not alleged that his classification change results in an increase in the sentence imposed so as to rise to the level of a Due Process violation by its own force. *See, e.g.*, *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation). Under the second prong of the test, this Court must determine whether the state action in changing his classification level imposed on plaintiff an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandlin*, 515 U.S. at 484; *Beverati*, 120 F.3d at 502-503. The plaintiff has not made sufficient allegations as to the second prong of the test; he has simply alleged that SCDC did not follow its policies in connection with the change and that he was sent to a level 2 facility.

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court adopts the Report and Recommendation as modified by this Order and incorporates it herein by reference. Accordingly, all objections are overruled and this case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

April 16, 2007                                             s/R. Bryan Harwell
Florence, SC                                               R. Bryan Harwell
                                                           United States District Judge